UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARMELLA KOZULIN,

    Plaintiff,

v.

R.S. TRADING COMPANY, and
ETAN RAZ

    Defendants.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CARMELLA KOZULIN, by and through her undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, R.S. TRADING COMPANY ("R.S. Trading") and ETAN RAZ ("Raz"), and states the following:

## NATURE OF ACTION

1. Plaintiff was a full-time inside salesperson for R.S. Trading who was misclassified as an "independent contractor" rather than an employee and consequently was denied overtime pay. Defendants also refused to pay Plaintiff certain commissions that she had earned under her commission plan. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and unpaid commissions, attorney's fees and costs under common law claims for breach of contract, unjust enrichment, and quantum meruit.

**THE PARTIES**

2. Defendant R.S. Trading is in the business of selling closeouts and surplus merchandise.

3. R.S. Trading's principal place of business is in Pembroke Park, Florida.

4. At all material times hereto, R.S. Trading had annual sales revenues in excess of $500,000.00, and had two or more employees handling, selling or working on goods or materials that have moved in or were produced for commerce.

5. R.S. Trading has customers in numerous other states and foreign countries as well as in Florida, thereby conducting its business operations across state lines, affecting interstate commerce.

6. Accordingly, at all times material hereto, R.S. Trading was an "enterprise engaged in commerce" as defined by the FLSA.

7. Defendant Raz is an officer of R.S. Trading who exercised control over significant aspects of R.S. Trading's day-to-day functions, hired and fired employees, supervised employee work schedules and conditions of employment, established the methods and rules under which employees performed their jobs, and determined the employees' rates, methods, and timing of compensation, and other matters in relation to R.S. Trading's employees. Raz is therefore an employer as defined by the FLSA.

**JURISDICTION AND VENUE**

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 (federal question jurisdiction) and §1367 (supplemental jurisdiction).

9. Venue is appropriate in this Court, as the violations complained of occurred in Fort Lauderdale, Florida.

## FACTS OF CASE

10. Plaintiff was employed by Defendants as an inside salesperson from May 2008 until February 17, 2016.

11. Although Defendant classified Plaintiff as if she were an independent contractor, she worked full-time for the company, was economically dependent on the company, and was subject to Defendants' rules, supervision, and performance standards.

12. Accordingly, Plaintiff was an employee of the company, not an independent contractor.

13. Plaintiff worked long hours for Defendant, approximately 50-55 hours per week, but was never paid overtime wages.

14. Plaintiff worked under the terms of a commission plan with R.S. Trading, under which she earned commissions of ten percent on each sale.

15. Plaintiff earned $7,093.70 in unpaid commissions for which she was not paid.

16. The records, if any, concerning the hours worked by Plaintiff are in the possession and custody of Defendant.

17. The records concerning the sales made by Plaintiff and compensation paid to Plaintiff are in the possession and custody of Defendant.

18. Plaintiff has retained the undersigned counsel to represent her in this action.

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION – FLSA VIOLATION
## (AGAINST BOTH DEFENDANTS)

19. Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. Pursuant to the FLSA, Plaintiff was entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

21. Defendants knowingly and willfully failed to pay Plaintiff time and one-half of her regular rate of pay for all hours worked in excess of forty (40) per week.

22. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, which she is entitled to recover.

23. As a result of Defendants' willful violations of the FLSA, Plaintiff is also entitled to recover liquidated damages.

24. Pursuant to 29 U.S.C. §216(b), Plaintiff is also entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of overtime wages, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## BREACH OF CONTRACT – UNPAID COMMISSIONS
## (AGAINST R.S. TRADING)

25. Plaintiff reasserts the allegations in paragraphs 1-18 above as if fully set forth herein.

26. The commission plan was a valid contract with R.S. Trading under which Plaintiff earned commissions for sales she made.

27. Defendant R.S. Trading breached that contract by failing to pay Plaintiff the commissions that she earned.

28. Plaintiff has suffered economic damages as result of R.S. Trading's breach.

29. Plaintiff is entitled to her attorney's fees pursuant to § 448.08, Florida Statutes as a result of Defendant's breach.

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff her unpaid commissions, plus interest, attorney's fees and costs, and any other remedies allowable by law.

## COUNT III- UNJUST ENRICHMENT
## (AGAINST R.S. TRADING)

30. Plaintiff reasserts the allegations in paragraphs 1-18 above as if fully set forth herein.

31. Plaintiff furnished a benefit, to wit, employment-related services, to and for Defendant R.S. Trading.

32. R.S. Trading knowingly requested and accepted the benefits of Plaintiff's services and was aware that Plaintiff was providing said services.

33. R.S. Trading had the benefit of Plaintiff's services, but failed to pay Plaintiff the commissions she earned and that Defendant agreed to pay her.

34. It would be inequitable for R.S. Trading to retain the benefit from the services provided by Plaintiff, without paying a fair and reasonable value for those services.

35. R.S. Trading has accordingly been unjustly enriched as a result of receiving Plaintiff's services without providing Plaintiff the full compensation she was promised.

36. Plaintiff is entitled to her attorney's fees and costs pursuant to § 448.08, Florida Statutes as a result of R.S. Trading's failure to pay Plaintiff the commissions that she earned.

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff her unpaid commissions, plus interest, attorney's fees and costs, and any other remedies allowable by law.

## COUNT IV – QUANTUM MERUIT
## (AGAINST R.S. TRADING)

37. Plaintiff reasserts the allegations in paragraphs 1-18 above as if fully set forth herein.

38. Plaintiff was employed by Defendant R.S. Trading and worked under the terms of a commission plan.

39. R.S. Trading was aware of and accepted the work provided by Plaintiff.

40. R.S. Trading accordingly expected to pay Plaintiff the value of the work performed by Plaintiff.

41. R.S. Trading valued Plaintiff's work according to the terms of the commission plan.

42. R.S. Trading has failed to pay Plaintiff all the commissions that she earned.

43. Plaintiff has made demands upon R.S. Trading for the full value of her work, but R.S. Trading has failed to pay Plaintiff the monies due to her.

44. Plaintiff is entitled to her attorney's fees and costs pursuant to § 448.08, Florida Statutes as a result of R.S. Trading's failure to pay Plaintiff the commissions that she earned.

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff her unpaid commissions, plus interest, attorney's fees and costs, and any other remedies allowable by law.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on the above claims.

Respectfully submitted,

*/s/Richard Tuschman*
Richard D. Tuschman, Esq.
Florida Bar No. 907480
E-mail: rtuschman@gtemploymentlawyers.com
2nd E-mail: assistant@gtemploymentlawyers.com
**GOODZ & TUSCHMAN, PLLC**
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Telephone: (954) 369-1050
Facsimile: (954) 380-8938
*Attorney for Plaintiff*